**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-1981

SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION, Local 399,
AFL-CIO,

        Plaintiff – Appellee,

    v.

JAMES L. MCLEMORE, d/b/a Maximum Air Flow,

        Defendant – Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  C. Weston Houck, Senior District
Judge.  (2:07-cv-02912-CWH)

Submitted:  September 9, 2013      Decided:  October 9, 2013

Before SHEDD, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished  per curiam opinion.

Christopher W. Johnson, GIGNILLIAT, SAVITZ & BETTIS, L.L.P.,
Columbia, South Carolina, for Appellant.  Michael T. Anderson,
Arlus J. Stephens, MURPHY ANDERSON PLLC, Washington, D.C., for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maximum Air Flow Co. appeals the district court's order enforcing an interest-arbitration award and a grievance-arbitration award in favor of Sheet Metal Workers' Association International, Local 399, AFL-CIO ("Sheet Metal Workers'"). We affirm.

Sheet Metal Workers' is an agent and local union that represents sheet metal workers in the collective bargaining process. Maximum Air Flow is a private company located in South Carolina that handles sheet metal ducting for heating and ventilation systems. Sheet Metal Workers' and Maximum Air Flow were parties to several pre-hire agreements prior to the one at issue here. This case arises out of the third pre-hire agreement ("Agreement"). The Agreement contained a mandatory dispute resolution process for grievances of either party, requiring the parties to participate in the National Joint Adjustment Board's ("NJAB") arbitration procedure. The Agreement also contained an interest-arbitration clause, which established that if negotiations for a renewal of the Agreement came to a deadlock, the parties were to submit the issue to the NJAB for a binding decision on the matter.

In May 2006, Sheet Metal Workers' notified Maximum Air Flow that it wanted to renew the Agreement. After the parties were unable to reach a new agreement, Sheet Metal Workers' submitted

2

the unresolved negotiations to the NJAB. The NJAB ultimately ordered the parties to execute an agreement, the interest-arbitration award, which was to be negotiated by the area contractor group and Sheet Metal Workers'.

Maximum Air Flow refused to comply with the interest-arbitration agreement, prompting Sheet Metal Workers' to file a grievance with the NJAB. The NJAB thereafter issued a grievance-arbitration award in favor of Sheet Metal Workers', awarding $341,915.00 in damages and an additional $47,589.00 to be paid to the Local 399 Joint Apprenticeship and Training Committee.

Sheet Metal Workers' brought the underlying action pursuant to § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, seeking judicial confirmation and enforcement of the two arbitration awards, plus costs and attorney's fees. Maximum Air Flow responded by moving to vacate both awards. Sheet Metal Workers' contended that the statute of limitations precluded Maximum Air Flow from vacating the awards.

The district court, after a hearing, agreed with Sheet Metal Workers' that the statute of limitations barred Maximum Air Flow's challenge. Sheet Metal Workers' Int'l Ass'n, Local 399, AFL-CIO v. Maximum Air Flow Co., 877 F. Supp. 2d 392 (D.S.C. 2012). Specifically, the district court held the dispute was a labor management dispute and thus the LMRA provided jurisdiction; however, the LMRA does not provide a statute of

3

limitations period for moving to vacate an arbitration award. See, e.g., Int'l Longshoremen's Ass'n, AFL-CIO v. Cataneo Inc., 990 F.2d 794, 799 (4th Cir. 1993). "To fill this void, courts must look to the most analogous state statute." Id. The district court found South Carolina's ninety-day statute of limitations, S.C. Code Ann. § 15-48-130(b), which applies to motions to vacate an arbitration award, to be the most analogous state statute. See Sheet Metal Workers' Int'l Ass'n, 877 F. Supp. 2d at 398. The district court relied on similar cases from this court that borrowed the statute of limitations from state arbitration statutes when the dispute involved vacating an arbitration award. See id. at 397–98 & n.5. The district court found Maximum Air Flow had not challenged either arbitration award within the appropriate ninety-day period, and thus the statute of limitations barred vacating these awards. See id. at 398.

Maximum Air Flow now appeals, arguing the district court erred in applying South Carolina's ninety-day statute of limitations because the statute excludes direct application to collective bargaining disputes. The issue of the applicable statute of limitations is a legal matter, which we review de novo. See McCullough v. Branch Banking & Trust Co., 35 F.3d 127, 129 (4th Cir. 1994).

Having reviewed the parties' submissions, the district court's opinion, and the applicable law, we affirm substantially on the reasoning of the district court's order. Sheet Metal Workers' Int'l Ass'n, 877 F. Supp. 2d 392. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and oral argument would not aid the decisional process.

AFFIRMED